UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Danielle Thomas,

Plaintiff,

v.

East Metro Place, and
North Star Residential,

Defendants.

Civil No. 12-60 (MJD/SER)

REPORT AND RECOMMENDATION

---

This matter is before the undersigned United States Magistrate Judge on Danielle Thomas ("Thomas")'s application for leave to proceed *in forma pauperis*, ("IFP"), pursuant to 28 U.S.C. § 1915(a).  [Doc. No. 2].  The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed for lack of federal subject matter jurisdiction.

I.  BACKGROUND

Thomas is attempting to sue Defendants identified as "East Metro Place," and "North Star Residential."  Apparently Defendants were landlords, caretakers, or were otherwise involved in a home where Thomas lived previously.  Thomas alleges that on the day she moved out of that home, Defendants allowed some unidentified third parties access to the property; those unidentified parties allegedly stole some of Thomas's personal property.  In addition, one of the Defendants, East Metro Place, allegedly threw away some of Thomas' personal property.

Thomas seeks thirteen million dollars in her claim for relief.  Presumably such a

judgment will compensate her for the loss of her personal property, (although Thomas has not pleaded any facts suggesting that her lost property actually was worth thirteen million dollars).

Thomas's complaint indicates that subject matter jurisdiction exists because this case involves a federal question. Thomas has not identified any specific federal law on which her lawsuit is based. (*See* Complaint, [Doc. No. 1], p. 3, ¶ 4.) For the reasons discussed below, the Court finds that federal subject matter does not exist in this case. Therefore, this action must be dismissed summarily pursuant to Fed. R. Civ. P. 12(h)(3).

## II. DISCUSSION

"Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." *Turner v. Armontrout*, 922 F.2d 492, 293 (8th Cir. 1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action *sua sponte*." *Williams v. Rogers*, 449 F.2d 513, 518 (8th Cir. 1971), *cert. denied*, 405 U.S. 926 (1972), (citing *Louisville and Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)). Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court **must** dismiss the action." (Emphasis added.)

Fed. R. Civ. P. 8(a) requires that every complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." Thomas's complaint asserts that subject matter jurisdiction exists under the federal question statute, 28 U.S.C. § 1331, but she has not identified any specific federal law or any specific section of the Constitution on which her claims are grounded. It plainly appears that Thomas's lawsuit is not based on any federal legal theory, but rather, she seeks relief for Defendants' alleged conversion of her personal property. Thomas's complaint **might** arguably state a cause of action for conversion, but such a claim is a

state tort law cause of action, not a federal cause of action. Because Thomas has not identified any **federal** law on which her current lawsuit could be based, she has failed to show the existence of a federal question giving rise to federal subject matter jurisdiction.

The Court recognizes that Thomas's complaint includes the terms "victimized," "human rights," "civil rights," "racial discrimination," and "status discrimination." But a mere sprinkling of those terms haphazardly throughout her complaint does not give rise to federal question jurisdiction. To state a cause of action based on federal law, Thomas would have to allege a set of facts showing that Defendants did something (or failed to do something) that violated a specific federal law or constitutional principle. Thomas failed to do so.[1]

Furthermore, the complaint plainly indicates that Thomas and both Defendants all reside in the same state – Minnesota. Therefore, federal subject matter jurisdiction cannot exist under the "diversity of citizenship" statute – 28 U.S.C. § 1332.

For the reasons cited above, the Court finds that federal subject matter jurisdiction does not exist in this case, the federal question statute or the diversity of citizenship statute. The Court will therefore recommend that Thomas's IFP application be denied, (*see* 28 U.S.C. § 1915(e)(2)(b)), and that this action be dismissed summarily for lack of jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

---

[1] Thomas could attempt to bring her conversion claim in state court, but her current complaint leaves much to be desired. Indeed, if the current pleading were filed in state court, it probably could not survive a motion to dismiss. Therefore, Thomas is strongly encouraged to seek legal assistance before pursuing any state court action against Defendants.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed *in forma pauperis*, [Doc. No. 2], be **DENIED**; and

2. This action be summarily **DISMISSED** for lack of jurisdiction.

Dated: March 27, 2012                                      *s/Steven E. Rau*
                                                          Steven E. Rau
                                                          U.S. Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 10, 2012** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.